Margarita Ramos Mimoso et al., Plaintiffs and Appellees, v. Francisco Viejo, Defendant and Appellant.

No. 9294. Argued April 12, 1946.—Decided November 12, 1946.

608

*Félix Ochoteco, Jr.,* and *Luis E. Dubón* ·for appellant. *Heriberto Torres Solá* for appellees.

Mr. Justice de Jesús delivered the opinion of the court.

Plaintiffs and defendant are owners, respectively, of two adjacent houses in Dr. Barbosa Street, Bayamón. Defendant's house has in the wall contiguous to plaintiffs' house, a window and a porch with direct view upon plaintiffs, property, without there being the distance of two meters required by § 518 of the Civil Code. In order to make defendant close the aforesaid window and porch, plaintiffs brought this action

of denial of servitude. Defendant's defense consisted in the existence of a servitude of light and view over plaintiffs' house, which he had acquired by prescription. Relying on the evidence introduced, the lower court granted the complaint and in order to review this judgment defendant has taken the present appeal.

 Since the servitude of light and view is negative, continuous, and apparent, wherein prescription begins to run from the moment an obstructive act [1] is executed, the question to be decided is whether in the present case there existed an obstructive act and, if it did exist, whether from the time of its execution until the filing of the complaint the period of twenty years required by § 473 of the Civil Code for the acquisition of a servitude had elapsed. *Díaz* v. *Pérez,* 56 P.R.R. 696.

Since all property is supposed to be free of encumbrance, once plaintiff establishes in an action of denial of servitude his title to the property which he alleges to be free of lien, the burden is upon the defendant to prove the existence of the servitude. *Díaz* v. *Guerra,* 18 P.R.R. 790, 797. *Rosado* v. *Municipality,* 59 P.R.R. 736. Defendant's evidence tended to show that thirty years ago his house had another window in the wall adjoining plaintiffs' property in addition to said window and porch; that more than thirty years ago a former owner of the plaintiffs' house tried to build a cistern on his lot at a place where it obstructed the window in question; that the previous owners of defendant's house objected to the construction of the cistern but when the then owner of the

---

[1] Section 474 of the Civil Code provides as follows: ''In order to acquire by prescription the servitudes referred to in the preceding section, the time of possession shall be counted, in positive servitudes, from the day on which the owner of the dominant tenement or the person who has made use of the servitude shall have begun to exert it over the servient tenement; and in negative servitudes, from the day on which the owner of the dominant tenement shall have, by a formal act, prohibited the owner of the servient tenement to execute the act which would be legal without the servitude.''

property, now belonging to plaintiffs, agreed not to erect any other construction which might obstruct the other window and the porch, the construction of the cistern was allowed, for which reason the window remained permanently closed because the wall of the cistern prevented it from being opened.[2]

Plaintiffs established their title over the house and their evidence tended to deny the existence of the alleged shut window and to prove that there had been only the one window and porch which actually exists in the defendant's house.

At plaintiffs' behest the trial judge took a view, the parties represented by their attorneys being present, and in the certificate of inspection he stated, among other things, the following:

"The subscribing judge wishes to state that we visited defendant's house and that it has a room with a closet but without any window contiguous to plaintiffs' property: that no window appears overlooking plaintiffs' property.

---

[2] From the testimony of Pascual Juan Ramos, principal witness of the defendant, we copy the following:

"When that other house (plaintiffs') was constructed, all the windows could be opened at first, but later one of the back windows was incommunicated by reason of a water tank which plaintiffs built there.

" * * * * * *

"Q. When you said that one of the windows was incommunicated, what did you mean?

"A. That it (the window) could not be opened." And from defendant's testimony we take the following:

"Q. When you bought that house and saw it for the first time, how many windows did it have open in the wall contiguous to the property of the heirs of Ramos Mimoso?

"A. One.

"Q. And in the inside, how many windows are there in the house?

"A. On that same side, on that wall, it has one window open.

"Q. And in the other room is there any other window?

"A. Not open. There is a window which was kept shut where I built a closet and the window is hidden by this closet; the window is inside shut.

"Q. And when you bought that house and saw it for the first time did you see one window open and another shut at the rear of the house?

"A. Yes, sir. The one that was blocked by the wall close to the window."

"The construction erected by the plaintiffs is close to the wall of the room which contains the closet above referred to."

As we have seen, the evidence relating to the alleged obstructive act was clearly conflicting, and in view of the testimony of Pascual Juan Ramos and of the defendant himself, to the effect that the window still existed in his house even though "uncomunicated," upon it being revealed in the view taken that such window did not exist, it is likely that this fact was decisive in settling the conflict in the evidence in favor of the plaintiffs. Since the obstructive act did not exist, as was found by the court, the defendant could not have acquired the servitude by prescription. Section 474 of the Civil Code, *Díaz* v. *Guerra, supra*.

██ Appellant complains that the lower court denied his motion for reconsideration of the judgment and leave to file an amended answer wherein he set up for the first time the plea of prescription. Defendant based his defense on the ground that since plaintiffs or their predecessors in title could have filed the action of denial servitude at the time the window and the porch were first opened, they allowed more than thirty years to elapse from that time until the filing of the original complaint in the present case.[3] This motion was filed on September 20, 1945, precisely on the same day the judgment was rendered. The court did not state its grounds for denying the reconsideration, but in so far as the amended answer is concerned, it may be inferred from the order of the court [4] that it was denied because it had been untimely filed.

Rule 8(c) of Civil Procedure provides that in pleading to a preceding pleading, the party shall set forth affirmatively,

---

[3] Section 1863 of the Civil Code: "Real actions with regard to real property prescribe after thirty years.

"* * * * * *

"Section 1869:—The time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted."

[4] The order of October 1, 1945, denying the motion reads as follows:

among others, the defense of prescription. And Rule 12(*h*) provides that all defenses and objections shall be waived unless a party presents them either by motion or, if he has made no motion, in his answer or reply. In the present case, the defense of prescription would have been regarded as waived under Rule 12(*h*) if plaintiffs themselves and defendant had not presented evidence, without objection, tending to prove that when the original complaint was filed both the window and the porch had existed in defendant's house for over thirty years. If by reason of the mere lapse of thirty years from the time the window and the porch were opened, during which time no obstructive act was executed, as was found by the court, plaintiffs' action should have prescribed, the defendant, pursuant to Rule 15(*b*), would have been entitled, even after the rendition of the judgment, to file his amended answer in order to conform the pleading to the evidence.[5] Even in the absence of defendant's motion, under the circumstances of this case, the court could have *motu*

---

"On December 26, 1944, the plaintiffs filed their amended complaint and the court, after several proceedings, on March 28, 1945, granted the defendant ten days to file his answer.

"On April 6, 1945, the defendant filed a motion seeking an extension of an additional term to reply. This motion was granted. On April, 1945, the defendant again sought an extension of ten days to answer the complaint and it was granted. On April 27, 1945, it again moved for another extension which was granted. On May 8, 1945, the defendant again sought ten more days to answer and the court granted the petition. And on May 17, 1945, the defendant again moved for an extension of ten days to file his answer which was granted. Finally, on June 6, 1945, the defendant filed his answer to the complaint.

"The hearing of this case was set for September 5, 1945 on the amended complaint and the answer. On this day the evidence of both plaintiffs and defendant was heard. The court granted the parties until September 17, 1945 to file their briefs. The parties failed to do so and the court then rendered judgment on September 20, 1945, granting the complaint.

"On September 24, 1945 the defendant filed a motion for leave to file an amended answer and another motion for reconsideration of the judgment.

"Today both motions were argued and the court, after examining the questions involved, is of the opinion that it should deny, as it does hereby deny, both motions of the defendant."

*proprio* considered the answer as amended, entering the proper judgment. *Tillman* v. *National City Bank of New York,* 118 F.(2) 631; *American Casualty Co. of Reading, Pa.,* v. *Morris* 51 Fed, Supp. 889, 896; Moore Fed. Pr., vol. 1, p. 567 *et seq.* But it has been repeatedly held by this court,[6] following the decisions of the Supreme Court of Spain, that an action of denial of servitude may be instituted at any time within the twenty years following the obstructive act and, in the absence of this act, the plaintiff may bring the action, no matter the time that has elapsed, since by his tolerance defendant opened the windows in the wall of his house. This being a rule of property which has been established in this jurisdiction for more than thirty years, we shall not depart from it.

Since defendant could not successfully allege the plea of prescription in the present case, and it being evident that the result of the judgment is correct, the court did not err in denying the motion for reconsideration of the judgment and leave to amend the answer.

■■ Appellant also assigns as error the imposition of costs including the amount of $150 for attorney's fees.

As to the imposition of costs, it is sufficient to state that it is mandatory to adjudge them against the defeated party.

---

[5] Rule 15(*b*) reads as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties or by order of the court, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

[6] *García* v. *García,* 25 P.R.R. 119; *Vicenty* v. *Domínguez,* 35 P.R.R. 100.

And as to the pronouncement of attorney's fees, we do not think the lower court abused its discretion in imposing them, in view of defendant's obstinacy as revealed by the evidence.

Other errors have been assigned, but since they tend to challenge the correctness of certain principles of law set forth by the judge in the statement of the case and opinion, and since the appeal is taken from the judgment and not from the grounds thereof, there is no need to consider said errors, inasmuch as we have reached the conclusion that the result of the judgment is correct.

The judgment is affirmed.